UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-4247(DSD/TNL)

Peter Gathiru,

    Petitioner,

v.                  **ORDER**

Scott Banieke, Field Office
Director, U.S. Immigration
& Customs Enforcement (ICE),
Michael Feinberg, Special
Agent in Charge (ICE), Jeh
Johnson, Secretary, Department
of Homeland Security, Joel
Brott, Sheriff of Sherburne
County,

    Respondents.

  Marc Prokosch, Esq. and Karam & Associates, 2950 Metro Drive, Suite 201, Bloomington, MN 55425, counsel for petitioner.

  D. Gerald Wilhelm, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN, counsel for respondents.

  This matter is before the court upon petitioner Peter Gathiru's objection to the September 9, 2016, report and recommendation (R&R) of Magistrate Judge Tony N. Leung.  In his report, the magistrate judge recommended that Gathiru's habeas petition be dismissed without prejudice.  The court reviews the R&R de novo.  28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).  After a careful review, the court finds that the R&R is well reasoned and correct.

**BACKGROUND**

  The underlying facts are not in dispute and will not be

repeated except as necessary. Gathiru, a native and citizen of Kenya, entered the United States in 2004 on a B-1 visa, permitting him to stay a maximum of 6 months. Gathiru stayed beyond the six-month period and, in 2006, failed to appear before an immigration judge to show why he should not be removed. As a result, Gathiru was ordered removed to Kenya.

In August 2014, Gathiru was located while being detained at the Wright County Jail in Buffalo, Minnesota and placed into ICE custody. In November 2014, ICE concluded that Gathiru's detention should continue because of his "serious criminal history" and that "removal [wa]s likely to occur in the reasonably foreseeable future." Olson Decl. Ex. 1 at 10. Gathiru appealed the removal order to the Ninth Circuit Court of Appeals and also sought to reopen removal proceedings in immigration court. The immigration judge denied the motion to reopen removal proceedings in September 2015, and the Board of Immigration Appeals affirmed the decision in February 2015. In March 2015, the Ninth Circuit dismissed Gathiru's appeal and issued its mandate in May 2015. Following the issuance of the mandate, ICE started working with the Kenyan government to obtain travel documents to facilitate Gathiru's removal.

In August 2015, ICE reviewed Gathiru's custody and concluded that he should continue to be detained because of his past violent criminal conduct. Shortly after Gathiru met with Kenyan officials

in December 2015, ICE again completed a custody review and concluded that, because it appeared likely that the Kenyan government would issue a travel document, Gathiru's detention should continue.

In November 2015, Gathiru filed this petition for habeas corpus, which the magistrate judge recommended dismissing without prejudice. Gathiru now objects to the R&R.

## DISCUSSION

**A.   Objections**

The government must ordinarily remove an alien unlawfully present in the United States within ninety days of a final order of removal.  8 U.S.C. § 1231(a)(1).  During this first ninety days, the government must detain the alien.  8 U.S.C. § 1231(a)(2).  An alien "who has been determined ... to be a risk to the community or unlikely to comply with the order of removal, may [continue] to be detained" beyond the 90 day period.  8 U.S.C. § 1231(a)(6).  This period of continued detention, however, "is no longer authorized by statute" when "removal is no longer reasonably foreseeable." Zadvydas v. Davis, 533 U.S. 678, 699 (2001).  Although indefinite detention violates due process, a detention of six months is presumptively reasonable.  Id. at 701.  After this six-month period, the alien must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future." Id. If the alien meets this burden, "the government must respond with evidence sufficient to rebut that showing." Id.

Gathiru argues that his removal is not reasonably foreseeable because his fifteen-month detention is extraordinarily long. See Jaiteh v. Gonzales, No. 07-cv-1727, 2008 WL 2097592, at *3 (D. Minn. Apr. 28, 2008), report and recommendation adopted by 2008 WL 2074163 (D. Minn. May 14, 2008) ("Where a foreign country delays issuance of travel documents for an extraordinarily long period, it is possible to infer ... that documents will not issue at all ...."). But an alien cannot simply rely on the passage of time to meet his burden; rather, "there must be some indication that the government is either unwilling to remove an alien" or there are "seemingly insurmountable barriers, such as an alien's stateless status ... [or] a foreign country's outright refusal to issue travel documents." Chen v. Banieke, No. 15-2188, 2015 WL 4919889, at *4 n.3. (D. Minn. Aug. 11, 2015) (collecting cases). Here, Gathiru has made no showing that the Kenyan government is unable or unwilling to issue travel documents. Indeed, ICE reasonably expects, based on conversations with Kenyan officials, that travel documents will be issued. See Olson Decl. ¶¶ 25-26; id. Ex. 1 at 45.

Further, Gathiru has not pointed to a single case where a fifteen-month detention was, by itself, sufficient to show that

removal was not reasonably foreseeable. Courts have upheld the continued detention of aliens who were detained for similar amounts of time. See Joseph v. United States, 127 F. App'x 79, 80 (3d Cir. 2005) (per curiam) (upholding over eleven-months' detention); Jaiteh, 2008 WL 2097592, at *2 (upholding over fourteen-months' detention). As a result, Gathiru has failed to meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Gathiru also argues that there was insufficient evidence to conclude that he failed to cooperate in obtaining travel documents. This argument is of no consequence, however, because the magistrate judge specifically assumed that Gathiru fully cooperated in obtaining travel documents. See ECF No. 12 at 11.

Although the court, on the current record, finds that Gathiru's detention is not unreasonable, it agrees with the magistrate judge that the government should expedite his removal. The longer Gathiru is detained, the less reasonable his detention becomes. See Zadvydas, 533 U.S. at 701 ("[F]or the detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

**B.   Certificate of Appealability**

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional

right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  As discussed, the court is firmly convinced that Gathiru's claim is baseless, and that reasonable jurists could not differ.  A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 13] to the report and recommendation is overruled;

2. The report and recommendation [ECF No. 12] is adopted in its entirety;

3. The petition for a writ of habeas corpus [ECF No. 1] is dismissed without prejudice; and

4. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 27, 2016

                                s/David S. Doty
                                David S. Doty, Judge
                                United States District Court